IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Amanda McKenna, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12 C 1670 |
| | ) | |
| MRS BPO, LLC, d/b/a MRS Associates | ) | |
| of New Jersey, a New Jersey | ) | |
| corporation, and Americredit Financial | ) | |
| Services, Inc., a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Amanda McKenna, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>etseq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and were an act of consumer fraud, and to recover damages for Defendants' violations of the law, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331, over the FDCPA claim, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the consumer fraud claim.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business transact here.

**PARTIES**

3. Plaintiff, Amanda McKenna ("McKenna"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to

collect a delinquent consumer debt allegedly owed to Americredit.

4. Defendant, MRS BPO, LLC, d/b/a MRS Associates of New Jersey ("MRS"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, MRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Americredit Financial Services, Inc. ("Americredit"), is a Delaware corporation that makes consumer loans and attempts to collect delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.

6. Defendants MRS and Americredit are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both MRS and Americredit conduct business in Illinois.

7. Defendant MRS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant MRS acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8. On May 31, 2011, Ms. McKenna filed a Chapter 7 bankruptcy petition in a matter styled In re: McKenna, N.D. Ill. Bankr. No. 11-22847. Among the debts listed on Schedule F of Ms. McKenna's bankruptcy petition was a debt she allegedly owed to Americredit. See, excerpt of bankruptcy petition attached as Exhibit C.

9. On June 3, 2011, Americredit and another debt collector that represented it, NCO Financial Systems, was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

10. Moreover, on September 12, 2011, Ms. McKenna received a discharge of her debts and on September 14, 2011, Americredit and its debt collector were sent, via U.S. Mail, notice of same, see, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit E.

11. Nonetheless, Defendants sent Ms. McKenna a collection letter, dated November 10, 2011, demanding payment of the debt she had owed Americredit prior to the bankruptcy. A copy of this collection letter is attached as Exhibit F.

12. All of Defendants', MRS's and Americredit's, collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment OfA Debt That Is Not Owed

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

3

16. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

17. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. <u>See</u>, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notices issued by that court (Exhibits <u>D</u> and E) told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit <u>F</u>), Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### COUNT III
### Violation of the Illinois Consumer Fraud
### and Deceptive Business Practices Act 815 ILCS 505/2

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. The Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA") prohibits a person from making false or misleading misrepresentations or omissions; the CFA also prohibits unfair business practices, <u>see</u>, 815 ILCS 505/2.

24. Americredit falsely claimed that Plaintiff owed it money, and Defendant MRS repeated and perpetuated this claim, by wrongfully sending her a collection letter demanding payment of the Americredit debt, which had been discharged in a bankruptcy.

25. This wrongful conduct caused emotional distress to Ms. McKenna, forced her to expend her time, and forced her to retain an attorney.

26. Defendants' collection actions are oppressive and against public policy.

27. Defendants are liable for Plaintiff's attorneys' fees incurred in defending their collection actions, her out-of-pocket expenses, lost time and for the emotional distress their actions have inflicted upon her.

28. Defendants are liable for attorneys' fees and costs under the CFA.

29. Defendants' intentional and reckless conduct also renders them liable for punitive damages.

## PRAYER FOR RELIEF

Plaintiff, Amanda McKenna, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA and were an act of consumer fraud;

2. Enter judgment in favor of Plaintiff McKenna, and against Defendants for actual, statutory and punitive damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Amanda McKenna, demands trial by jury.

                                    Amanda McKenna,

                                    By:/s/ David J. Philipps
                                    One of Plaintiff's Attorneys

Dated:  March 7, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com